IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES D. KELLY,

     Plaintiff,                    No. CIV S-07-00634 RRB KJM PS

     vs.

FEDERAL AVIATION
ADMINISTRATION,            FINDINGS AND RECOMMENDATIONS
     Defendant.

_____/

     Defendant's motion for summary judgment came on regularly for hearing February 20, 2008.  James D. Kelly appeared in propria persona.  Yoshinori Himel appeared telephonically for the defendant.  Upon hearing the arguments of plaintiff and counsel, upon reviewing the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

     Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B).  Plaintiff seeks disclosure of documents relating to the hiring of Designated Pilot Examiners ("DPEs"), who work for the FAA.  Specifically, plaintiff contends

/////

/////

/////

1

defendant has improperly withheld a "grading sheet," which defendant asserts is exempt from disclosure. Defendant now moves for summary judgment.[1]

Defendant contends it is entitled to summary judgment for two reasons. First, defendant contends there are no genuine issues of material fact regarding whether it has met its burden of conducting a reasonable search in response to plaintiff's request. Plaintiff does not dispute the adequacy of defendant's search. Second, defendant contends there are no genuine issues of material fact as to whether it is entitled to withhold the grading criteria sheet because disclosure would increase the risk of circumvention of safety-related procedures. In opposition, plaintiff argues he is qualified for the DPE position but does not offer facts controverting the claim of exemption.

In Lion Raisins v. U.S. Dep't of Agriculture, the Ninth Circuit noted that for a defendant to sustain its burden of showing it properly withheld agency records, defendant must submit detailed affidavits, which provide a relatively detailed analysis and non-conclusory nor generalized allegations, of the exemptions claimed. Lion Raisins v. U.S. Dep't of Agriculture, 354 F.3d 1072, 1083-84 (9th Cir. 2004); see also U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 & n.3 (1989). However, the affidavits need not be so descriptive as to "undermine the very purpose of [] withholding." Lion Raisins, 354 F.3d at 1084.

In this case, defendant has submitted both correspondence between plaintiff and the FAA, Def't's Mot. For Summ. J., Exs. A-L, as well as the declaration of the Chairperson of the FAA's National Examiner Board. Lynch Decl. ¶ 2. It appears defendant has conducted a reasonable search.[2] However, as noted, plaintiff disputes not the adequacy of the search, but

---

[1] Alternatively, defendant moves to dismiss without prejudice for failure to properly serve all persons necessary and within the appropriate time under Federal Rule of Civil Procedure 4. In light of the court's recommendation that summary judgment be granted, defendant's alternative ground for dismissal will not be reached.

[2] In light of the agency's affidavits, the court finds no need for in camera review of the withheld document. See N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214 (1978); see also Lewis v. I.R.S., 823 F.2d 375 (9th Cir. 1987).

1  instead contests defendant's withholding of the grading sheet.

2        Exemption 2 of FOIA protects from disclosure records that are "related solely to
3  the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). The "high 2"
4  standard exempts from disclosure items that would create a risk of circumvention of a statute or
5  agency regulation if the items were disclosed, and rests upon reasonably expected harm resulting
6  from disclosure. Judicial Watch, Inc. v. U.S. Dep't of Commerce, 83 F. Supp. 2d 105, 110
7  (D.D.C. 1999). Practices that affect non-personnel also are potentially exempt as "high 2." See
8  Dirksen v. HHS, 803 F.2d 1456, 1458 (9th Cir. 1986) (Blue Shield's "Medicare Policy
9  Guidelines" protected from disclosure under Exemption 2); see also Hardy v. ATF, 631 F.2d 653
10 (9th Cir. 1980) (law enforcement materials, "disclosure of which may risk circumvention of
11 agency regulations," exempt from disclosure). Generally, FOIA disclosure should not "benefit
12 those attempting to violate the law and avoid detection." Crooker v. ATF, 670 F.2d 1051, 1054
13 (D.C. Cir. 1981).

14       Defendant, pursuant to plaintiff's FOIA request, already has disclosed documents
15 pertaining to the criteria used for evaluating DPE applicants. The only document defendant has
16 withheld governs the technique used for applying the criteria when rapidly screening applicants
17 in order to select a limited number of names to be sent to the local field office for review. Lynch
18 Decl. ¶ 15. The grading sheet at issue here was properly withheld as it is exempt from disclosure
19 under the "high 2" standard. See, e.g., Nat'l Treas. Employees Union v. U.S. Customs Serv., 802
20 F.2d 525 (D.C. Cir. 1986) (crediting plan used as a roadmap to evaluate applicants' qualifications
21 held exempt from disclosure because disclosure would frustrate documents' objective and create
22 significant risk of circumvention of a statute or agency regulation); see also Kaganove v. EPA,
23 856 F.2d 884 (7th Cir. 1988) (rating plan used by the EPA in evaluating candidates for
24 promotion withheld from disclosure).

25       The FAA uses the grading sheet to assign a numerical score to an application in
26 order to establish rankings among applications for pilot examiner designation. Lynch Decl. ¶ 15.

1  Thus, if an applicant could discover the ranking methods used on the grading sheet, it would
2  provide a route to circumvent the regulatory requirements by allowing embellishment of the
3  applicant's experiences to match those treated most favorably by the grading sheet.  The
4  government argues persuasively that circumvention puts aviation safety at risk because DPEs
5  perform the practical tests that are "aviation safety's first line of defense" against accidents.
6  Lynch Decl. ¶ 9.

7         Plaintiff argues a public interest exists in disclosure of the grading sheet.  Kelly
8  Decl. ¶¶ 20-21.  The court finds in this instance, on the record before it, that any public interest in
9  disclosure is minimal.  The agency already has disclosed the criteria for DPE qualifications.
10 Non-disclosure of the grading sheet trumps the minimal public interest because otherwise DPE
11 applicants could circumvent the regulatory requirements.  No matter how well intentioned
12 plaintiff's effort in this case, granting his request would allow the grading sheet to fall into the
13 hands of potentially all DPE applicants and thus would be akin to "dig[ging] a den for the fox
14 inside the chicken coop."  Dirksen, 803 F.2d at 1459 (quoting Ginsburg, Feldman & Bress v.
15 Federal Energy Administration, 591 F.2d 717, 730 (D.C. Cir. 1978)).

16        Plaintiff fails to controvert the factual basis for the assertion of the "high 2"
17 exemption.  Summary judgment therefore should be granted for defendant.

18        Accordingly, IT IS HEREBY RECOMMENDED that:
19        1. Defendant's motion for summary judgment be granted; and
20        2. This action be dismissed.
21        These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
23 days after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
26 shall be served and filed within ten days after service of the objections.  The parties are advised

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: April 7, 2008.

_____
U.S. MAGISTRATE JUDGE

abs
kelly.57